# Frank v. Light Coach Company, Inc.

*David J. Brightbill,* of *Lewis, Brubaker, Whitman & Christianson,* for plaintiff.

*John R. Kelsey, III,* of *Kelsey & Long,* for defendant.

WALTER, *J.,* January 23, 1976—Plaintiff is suing defendant in equity. By his complaint filed June 17, 1975, plaintiff requests the Court, inter alia, to order the defendant to account for the profits arising out of an alleged partnership to whose terms and conditions the parties purportedly agreed in 1974. Subsequently, plaintiff filed a notice of taking of depositions on oral examination under Pa. R.C.P. 4007(c). Defendant's president was requested to bring with him to depositions virtually all business records of his corporation covering the period June 12, 1974 to June 17, 1975. Defendant filed a motion for protective order, in essence asking for a denial of plaintiff's request for the production of the documents by the defendant.

A variety of other pleadings and motions have been filed in this case but affect not the question before the Court relating to the protective order.

The plaintiff, it would seem, is entitled to

examine most of the documents sought. While the case is in equity, discovery proceedings are extended to it through Pa. R.C.P. 4001. Hence, so long as the plaintiff can show the documents are relevant to the subject matter involved, will substantially aid him in the preparation of his case for trial (Pa. R.C.P. 4007(a)), and are not otherwise privileged, the protective order must be denied.

But then, what of Pa. R.C.P. 1530? It clearly and unambiguously sets forth what is required of a party seeking an accounting. He must show entitlement to it! While the action thereafter to be taken by the Court sitting in equity is permissive and discretionary, there is no escaping nor refuting that paramount, imperative qualification. It is a qualification plaintiff here is not known to possess.

How then resolve the "conflict" of rules? By denying plaintiff's request for production of virtually all defendant's business records. No harm is done to plaintiff. For he can still subpoena them at trial for their availability in the event he persuades the Court he is entitled to an accounting. Short of that, if the records are not present upon the occurrence of that contingency, the Court will certainly order an accounting, and the records ultimately could be opened to plaintiff through due process.

Furthermore, plaintiff is not handicapped in his preparation for trial. Basically his probative efforts will run to show entitlement to the accounting for which he prays. He does not need an accounting to *prove* he is entitled to one.

On the other hand, to refuse the protective order would expose defendant's business dealings unfairly at this juncture, contrary to the spirit of equity itself. Ultimately, it might be shown plaintiff has no right to an accounting — a hollow, meaning-

less picture if plaintiff meanwhile obtained through discovery what he is denied later in equity. Therefore, we will award defendant the protective order he seeks.

## ORDER

And now, to wit, January 23, 1976 a protective order is awarded defendant and plaintiff's request to examine all documents as set forth in Paragraphs 1, 2, 3, 4, 5, 6 and 7 of his notice of taking of depositions filed July 15, 1975 is denied.